# EXHIBIT 1

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Kris Warner**
Secretary of State
State of West Virginia
Phone: 304-558-8000
886-767-8683
Visit us online:
www.wvsos.com



USPS CERTIFIED MAIL™

9214 8901 1251 3410 0004 7268 89

BIOLIFE PLASMA L.L.C.
Corporation Service Company
808 GREENBRIER STREET
Charleston, WV 25311

Control Number: 349164
Defendant: BIOLIFE PLASMA L.L.C.
808 GREENBRIER STREET
Charleston, WV 25311 US

Agent: Corporation Service Company
County: Kanawha
Civil Action: CC-20-2025-C-1319
Certified Number: 92148901125134100004725889
Service Date: 11/10/2025

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper,* **not to the Secretary of State's office.**

Sincerely,

Kris Warner
Secretary of State

EXHIBIT 1

# SUMMONS



E-FILED | 11/5/2025 10:11 AM
CC-20-2025-C-1319
Kanawha County Circuit Clerk
Cathy S. Gatson

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
### Christy D. Holcomb v. BIOLIFE PLASMA, LLC

Service Type:   Secretary of State - Certified - Including Copy Fee

NOTICE TO:  BIOLIFE PLASMA, LLC, 808 Greenbrier Street, Charleston, WV 25311

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Justin Jack, 21 E MAIN ST, STE 160, BUCKHANNON, WV 26201

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**SERVICE:**

11/5/2025 10:11:40 AM                      /s/ Cathy S. Gatson
Date                                                  Clerk  by BW

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint t _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to _____, someone who is eighteen (18) years of age or above and resides there.

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____, an agent or attorney-in-fact authorized by appointment or statute to receive service of process for the individual.

☐ I have reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ I have not reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ Not Found in Bailiwick

_____                              _____
Date                                                    Server's Signature

EXHIBIT 1

E-FILED | 11/5/2025 10:11 AM
CC-20-2025-C-1319
Kanawha County Circuit Clerk
Cathy S. Gatson

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CHRISTY D. HOLCOMB,

        Plaintiff,

v.                                                          Civil Action No. 25-C-_____

BIOLIFE PLASMA, LLC,
BIOLIFE PLASMA SERVICES, L.P., and
TAKEDA PHARMACEUTICALS U.S.A., INC

        Defendants.

### COMPLAINT

NOW COMES the Plaintiff, Christy D. Holcomb, and for her cause of action against Defendants, states and alleges as follows, to-wit:

1. Plaintiff Christy D. Holcomb is an adult individual who now and at all times relevant herein resides in Fairmont, Marion County, West Virginia.

2. Based upon information and belief, Defendant BioLife Plasma, LLC is a foreign limited liability company, which actively and systematically conducts, contracts, and transacts business in West Virginia by engaging in the business of plasma donation and receiving the benefits of conducting business within the State of West Virginia. Said Defendant is registered to conduct, contract, and transact business within the State of West Virginia. Defendant's principal office address is 1200 Lakeside Drive, Bannockburn, IL 60015; and Defendant's notice of process address is Corporation Service Company, 808 Greenbrier Street, Charleston, WV 25311.

3. Based upon information and belief, Defendant BioLife Plasma Services, L.P. is a foreign limited partnership, which actively and systematically conducts, contracts, and transacts business in West Virginia by engaging in the business of plasma donation and receiving the benefits of conducting business within the State of West Virginia. Said Defendant is

EXHIBIT 1

registered to conduct, contract, and transact business within the State of West Virginia. Defendant's principal office address is 1200 Lakeside Drive, Bannockburn, IL 60015; and Defendant's notice of process address is Corporation Service Company, 808 Greenbrier Street, Charleston, WV 25311.

4. Based upon information and belief, Defendant Takeda Pharmaceuticals U.S.A., Inc. is a global biopharmaceutical company doing business within the State of West Virginia and elsewhere; this Defendant actively, systematically conducts, contracts, and transacts business in West Virginia by marketing, distributing, and selling pharmaceutical products throughout the state including in Kanawha County. Defendant's principal office address is 500 Kendall St, Cambridge, MA 02142; it may be served through its registered agent Corporation Service Company, 84 State Street, Boston, MA 02109.

5. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties.

6. Venue lies in the Circuit Court of Kanawha County, West Virginia in that none of the Defendants' principal place of business, mayor, president, or other chief officer are located within West Virginia, and Defendants do business in Kanawha County within the meaning of W. Va. Code § 56-1-1(a)(2).

7. Defendants herein are nearly indiscernible, though Plaintiff Holcomb makes a good faith attempt to do so herein. All Defendants exercised control over Plaintiff during her employment and were directly involved in the wrongful acts set forth herein; accordingly, all Defendants herein were employers of the Plaintiff.

8. Upon information and belief at all times relevant herein, Plaintiff was employed by Defendants for twenty-nine (29) years; she worked her way up from Phlebotomist to

EXHIBIT 1

Plasma Center Manager.

9. Plaintiff worked primarily at Defendants' Clarksburg, West Virginia location.

10. Throughout the duration of her employment, Plaintiff completed all of her job duties in a satisfactory or above satisfactory manner and committed no separate dischargeable offense, and Defendants' stated reasons for termination are a mere pretext for their unlawful acts.

11. Plaintiff required absence from work to facilitate doctor's appointments for her multiple physical ailments, including ovarian cancer, kidney stones, and a hiatal hernia. Very shortly before she was terminated, she had communicated to the newly hired district manager that upcoming surgeries would necessitate at least two periods of absence and time for recovery.

12. During her employment, Plaintiff did utilize Family Medical Leave; the documentation put Defendants on notice of Plaintiff's had one or more chronic disabilities, which required *inter alia* intermittent leave.

13. Plaintiff is required to take a medication that is part of the aromatase inhibitor class of drugs; a known side-effect is impairment of memory. This is colloquially known as "brain fog". The risk of memory impairment increases with the length of treatment; Plaintiff is required to take this medication on a daily basis indefinitely as a result of her history of ovarian cancer.

14. Plaintiff brought the memory issue to the attention of Defendants' management prior to her suspension and was told that "we cannot have a manager who cannot remember things"; she was then summarily suspended.

15. On or about December 1, 2023, Defendants wrongfully, recklessly, carelessly, willfully, wantonly and unlawfully terminated Plaintiff Holcomb without cause in extreme and

EXHIBIT 1

outrageous manner.

16. At the time that she was terminated, Plaintiff was in the process of investigating nurses at the facility she managed for failing to perform appropriate physical examinations and evaluations of plasma donors as required by law. When Plaintiff became aware of the possibility that nurses were failing to properly screen donors, she immediately reported the issue to her supervisor and to the human resources department. Plaintiff's assistant manager was also aware. Plaintiff then undertook an investigation in order to determine the scope of the issue. One nurse was terminated in connection with the investigation before Plaintiff's unlawful termination.

17. By terminating the Plaintiff, Defendants prevented her from completing the investigation into the unlawful acts of Defendants' employees. Defendants were motivated to prevent Plaintiff from completing this investigation by the fact that they knew their nursing staff were failing to conduct screenings as required by law, that it would be costly and difficult to find competent replacements, and that the likely effect of proper nursing discipline or termination would be disruptive to Defendants' business.

18. As a direct and proximate result of the acts and omissions described herein, Plaintiff Holcomb was injured and damaged as hereinafter set forth.

## COUNT 1 – DISABILITY DISCRIMINATION

19. Plaintiff Holcomb hereby re-alleges each and every allegation contained in the preceding paragraphs as if fully restated herein.

20. Following the onset of her medical conditions, Plaintiff Holcomb experienced substantial limitations in her ability to perform work-related tasks and activities of daily living due to multiple physical ailments, including ovarian cancer, kidney stones, and a hiatal hernia.

EXHIBIT 1

Moreover, Plaintiff Holcomb was required to take medications to treat her disabilities that caused side effects affecting her major life activities. These conditions constitute disabilities within the meaning of West Virginia law.

21. Based upon information and belief, Defendants had actual and/or constructive knowledge of said disabilities as is clear from the disability classification on the Family Medical Leave paperwork.

22. Plaintiff Holcomb was treated in a disparate manner based at least in part upon her disabilities and absences associated with those disabilities; said disparate treatment includes but is not limited to unlawful termination.

23. On one occasion

24. Defendants have discriminated against Plaintiff Holcomb on the basis of her disability in violation of The West Virginia Human Rights Act. W. Va. Code § 16B-17-1, *et seq.*

25. Based upon information and belief, Defendants, had actual and/or constructive knowledge of said disparate treatment and acquiesced in and/or failed to take action to remedy the same.

26. Defendants' unlawful and discriminatory actions constitute malicious, willful and wanton violations of The West Virginia Human Rights Act for which Plaintiff is entitled to an award of punitive damages.

## COUNT 2 – FAILURE TO ACCOMODATE

27. Plaintiff Holcomb hereby re-alleges each and every allegation contained in the preceding paragraphs as if fully restated herein.

28. Defendants failed to afford Plaintiff Holcomb reasonable accommodations to the known physical limitations of the Plaintiff, failed to engage in an interactive process to identify

EXHIBIT 1

and implement a reasonable accommodation, and the Defendants cannot demonstrate that the accommodations would have imposed an undue hardship on the operation of their business.

29. Specifically, Plaintiff notified Defendants of a need for intermittent leave and made known to Defendants on multiple occasions issues with her memory that affected her ability to perform her duties at times. Rather than engaging in the interactive process to identify reasonable accommodations that would enable the Plaintiff to perform the essential functions of her position, Defendant disciplined and terminated the Plaintiff.

30. Plaintiff Holcomb participated at all times in the interactive process of trying to request an accommodation for her disabilities. Specifically, she filled out paperwork and would promptly notify her superior when she needed time off for medical reasons.

31. Defendants could reasonably have provided said accommodations; however, Defendant failed to acknowledge, address, and follow through with said requests.

32. As a direct and proximate result of the acts and/or omissions described herein, Plaintiff suffered injuries, damages and losses as hereinafter set forth.

33. Defendants' unlawful and discriminatory actions constitute malicious, willful and wanton violations of The West Virginia Human Rights Act for which Plaintiff is entitled to an award of punitive damages.

## COUNT 3 – RETALIATION AND DISCRIMINATION IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

34. Plaintiff Holcomb hereby re-alleges each and every allegation contained in the preceding paragraphs as if fully restated herein.

35. Defendants unreasonably refused to provide Plaintiff with leave as an accommodation for her medical condition and related treatments, in violation of her rights under applicable

EXHIBIT 1

disability and employment laws.

36. Defendants unreasonably retaliated and discriminated against Plaintiff Holcomb after she returned from leave granted under the Family Medical Leave Act and before she could take the leave she was owed related to new medical issues that arose.

37. Defendants terminated Plaintiff in a discriminatory manner, and as a direct and proximate result of Plaintiff Holcomb taking medical leave under the Family Medical Leave Act, which unlawfully interfered with, restrained, and/or denied Plaintiff Holcomb the exercise of her FMLA rights.

38. As a direct and proximate result of the acts of the Defendants as herein alleged Plaintiff Holcomb was caused to suffer damages and losses as hereinafter set forth.

### COUNT 4 – INTERFERENCE WITH RIGHTS UNDER THE FAMILY AND MEDICAL LEAVE ACT (FMLA) (29 U.S.C. § 2615)

39. Plaintiff Holcomb hereby re-alleges each and every allegation contained in the preceding paragraphs as if fully restated herein.

40. At all relevant times, Plaintiff Holcomb was an "eligible employee" under the Family and Medical Leave Act, 29 U.S.C. § 2611.

41. At all relevant times, Defendants were "employers" as defined under the Family and Medical Leave Act, 29 U.S.C. § 2611.

42. Plaintiff Holcomb experienced serious health conditions, entitling her to protected leave under the FMLA.

43. Plaintiff Holcomb requested and/or attempted to exercise her rights under the FMLA, including taking leave for the serious health condition.

44. Defendants interfered with, restrained, and/or denied the exercise of or the attempt to exercise Plaintiff's rights under the FMLA in violation of 29 U.S.C. § 2615 by disciplining

EXHIBIT 1

and terminating Plaintiff shortly after she attempted to exercise her rights under the FMLA by notifying Defendants of upcoming medical procedures that would require FMLA leave.

45. As a direct and proximate result of the acts of the Defendants as herein alleged Plaintiff Holcomb was caused to suffer damages and losses as hereinafter set forth.

### COUNT 5 – WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY
### W. Va. Code §16-21-1 and 21 CFR Part 630

46. Plaintiff Holcomb hereby re-alleges each and every allegation contained in the preceding paragraphs as if fully restated herein.

47. Based upon information and belief, Plaintiff was wrongfully terminated by Defendants.

48. It is the public policy of the State of West Virginia that persons sixteen years of age must have parental consent in order to donate blood. W.Va. Code §16-21-1.

49. It is unlawful under federal law to collect blood from a donor without first determining the donor's eligibility or establishing that an applicable exception applies. Pursuant to 21 C.F.R. § 630.10, a donor is eligible to donate only if they are in good health and free from transfusion-transmitted infections, as determined through the required medical history, physical examination, and other screening procedures. A donor is not eligible to donate if they are not in good health, or if any factor is identified that may adversely affect: (1) the health of the donor; or (2) the safety, purity, or potency of the blood or blood component.

50. It is a violation of substantial public policy in the State of West Virginia where an employee is terminated in retaliation for reporting, or refusing to engage in, illegal activity. *See e.g. Lilly v. Overnight Transp. Co.*, 188 W. Va. 538, 425 S.E.2d 214 (1992).

51. Plaintiff was in the process of investigating failures of nurses at the facility that she managed and reporting these failures when Defendants terminated Plaintiff. Specifically, based on staff reports, Plaintiff was investigating nurses failing to properly screen people

8

EXHIBIT 1

who were donating plasma to ensure that the plasma would be collected in accordance with safety standards set by law and regulation.

52. Defendants unlawfully prevented Plaintiff from investigating and reporting the failure to properly screen donors to ensure they were in good health prior to donation, in violation of established federal safety regulations and public health standards.

53. Defendants were fully aware of the illegal behavior and risk that Plaintiff could be responsible and attempted to force her to risk violations, penalties and participate in illegal behavior within the scope of her job duties.

54. Plaintiff did not commit any dischargeable offense and was terminated for refusing to engage in unlawful behavior that is against the public policy of West Virginia.

55. As a direct and proximate result of the outrageous and wrongful actions aforesaid, Plaintiff has suffered damages as hereinafter set forth.

## DAMAGES

56. Plaintiff Holcomb hereby re-alleges each and every allegation contained in the preceding paragraphs as if fully restated herein.

57. As a direct and proximate result of the acts and/or omissions of Defendants, Plaintiff Holcomb has been caused to suffer back pay, front pay, lost wages, lost benefits, loss of future earnings, future loss of benefits, financial hardship, emotional distress, anxiety, embarrassment, and attorney fees.

58. Defendants' conduct was malicious, willful, wanton and done with a reckless disregard for Plaintiff Holcomb's rights; and thereby caused Plaintiff Holcomb to suffer all of the injuries and damages hereinbefore set forth for which Defendants should be required to respond in punitive damages.

EXHIBIT 1

59. The acts of the Defendants as described in each count of this Complaint are so outrageous and were done with reckless indifference as to Plaintiff Holcomb's civil rights and West Virginia public policy and Plaintiff Holcomb was wrongfully injured and damaged as a direct and proximate result of the Defendants aforesaid conduct which caused Plaintiff Holcomb to suffer all of the injuries and damages hereinafter set forth for which Defendants should be required to respond in punitive damages.

WHEREFORE, Plaintiff, Christy D. Holcomb, demands judgment against Defendants BioLife Plasma Services and Defendant Takeda Pharmaceuticals U.S.A., Inc., jointly and severally, in an amount in excess of the minimum jurisdictional limits of compensatory damages, plus interest and costs and such further relief as a Court or jury may find just. Together with punitive damages against the Defendants, in an amount that will punish Defendants from committing this type of conduct in the State of West Virginia in the future, and by setting an example, deter others from committing this type of conduct in the State of West Virginia in the future and in such amount as will satisfy all other reasons of law and public policy for an award of punitive or exemplary damages; and Plaintiff further prays for an award of attorney fees, costs, interests, and for such other relief as the Court or jury deems just.

### PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES

                                                                   Respectfully submitted,
                                                                   Christy Holcomb,

                                                                   */s/ Justin D. Jack*
                                                                  By Counsel,

Justin D. Jack, Esq. (10663)
Klie Law Offices, PLLC
21 E. Main Street, Suite 160
Buckhannon, WV 26201
(304) 472-5007
Facsimile: (304) 472-1126
jjack@klielawoffices.com

EXHIBIT 1

E-FILED | 11/5/2025 10:11 AM
CC-20-2025-C-1319
Kanawha County Circuit Clerk
Cathy S. Gatson

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CHRISTY D. HOLCOMB,

    Plaintiff,

v.                                                       Civil Action No. 25-C-_____

BIOLIFE PLASMA, LLC,
BIOLIFE PLASMA SERVICES, L.P., and
TAKEDA PHARMACEUTICALS U.S.A., INC

    Defendants.

### SUMMONS

TO:    BIOLIFE PLASMA SERVICES, L.P.
         CORPORATION SERVICE COMPANY
         808 GREENBRIER STREET
         CHARLESTON, WV 25311

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **JUSTIN D. JACK** of **KLIE LAW OFFICES**, Plaintiff's attorney, whose address is **21 E. MAIN STREET, SUITE 160, BUCKHANNON, WV 26201**, an answer, including any related counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You may assert in your answer any claim you may have against the plaintiff which is related to the subject of this complaint.

You are required to serve your answer to the complaint within **thirty (30) days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred for asserting in another action any claim you may have which must be asserted by counterclaim in the above styled civil action.

Dated: _____

                                                                                           Clerk of Court

                                                                                           By: _____
                                                                                           Deputy Clerk

**EXHIBIT 1**

```
E-FILED | 11/5/2025 10:11 AM
    CC-20-2025-C-1319
Kanawha County Circuit Clerk
    Cathy S. Gatson
```

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CHRISTY D. HOLCOMB,

        Plaintiff,

v.                                                    Civil Action No. 25-C-_____

BIOLIFE PLASMA, LLC,
BIOLIFE PLASMA SERVICES, L.P., and
TAKEDA PHARMACEUTICALS U.S.A., INC

        Defendants.

### SUMMONS

TO:    BIOLIFE PLASMA, LLC
        CORPORATION SERVICE COMPANY
        808 GREENBRIER STREET
        CHARLESTON, WV 25311

    IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **JUSTIN D. JACK** of **KLIE LAW OFFICES**, Plaintiff's attorney, whose address is **21 E. MAIN STREET, SUITE 160, BUCKHANNON, WV 26201**, an answer, including any related counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You may assert in your answer any claim you may have against the plaintiff which is related to the subject of this complaint.

    You are required to serve your answer to the complaint within **thirty (30) days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred for asserting in another action any claim you may have which must be asserted by counterclaim in the above styled civil action.

Dated: _____            _____
                                                                                 Clerk of Court

                                                                                 By: _____
                                                                                 Deputy Clerk

**EXHIBIT 1**



E-FILED | 11/5/2025 10:11 AM
CC-20-2025-C-1319
Kanawha County Circuit Clerk
Cathy S. Gatson

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CHRISTY D. HOLCOMB,

    Plaintiff,

v.                                                       Civil Action No. 25-C-_____

BIOLIFE PLASMA, LLC,
BIOLIFE PLASMA SERVICES, L.P., and
TAKEDA PHARMACEUTICALS U.S.A., INC

    Defendants.

### SUMMONS

TO:   TAKEDA PHARMACEUTICALS U.S.A., INC.
       CORPORATION SERVICE COMPANY
       84 STATE STREET
       BOSTON, MA 02109

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **JUSTIN D. JACK** of **KLIE LAW OFFICES**, Plaintiff's attorney, whose address is **21 E. MAIN STREET, SUITE 160, BUCKHANNON, WV 26201**, an answer, including any related counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You may assert in your answer any claim you may have against the plaintiff which is related to the subject of this complaint.

You are required to serve your answer to the complaint within **thirty (30) days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred for asserting in another action any claim you may have which must be asserted by counterclaim in the above styled civil action.

Dated: _____

                                                        Clerk of Court

                                                        By: _____
                                                        Deputy Clerk

**EXHIBIT 1**