**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

CHRISTY D. HOLCOMB,

          Plaintiff,

v.                                    CIVIL ACTION NO.   2:25-cv-00728

BIOLIFE PLASMA, LLC, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Motion to Transfer Venue, (ECF No. 9), of Defendants BioLife Plasma, L.L.C., BioLife Plasma Services L.P., and Takeda Pharmaceuticals U.S.A., Inc., (collectively the "Defendants").   For the reasons discussed below, the Court **GRANTS** the motion.

## I.    BACKGROUND

This action arises from Plaintiff Christy D. Holcomb's ("Plaintiff") employment at Defendants' Clarksburg, West Virginia location.   (*See generally* ECF No. 1-1.)

Plaintiff brings Five Counts against Defendant, alleging violations of the West Virginia Human Rights Act (Counts 1–2), the Family Medical Leave Act (Counts 3–4), and West Virginia public policy (Count 5).   (*Id.* at 4–9, ¶¶ 19–55.)   Plaintiff resides in Fairmont, West Virginia. (*Id.* at 1, ¶ 1.)   Collectively, Defendants are citizens and residents of Delaware, Illinois, and Massachusetts.   (ECF No. 1 at 5, ¶ 18.)

Plaintiff filed this action in the Circuit Court of Kanawha County, West Virginia, on November 5, 2025. (*Id.* at 2, ¶ 1.) Then, Defendants removed the case to this Court on December 10, 2025. (*Id.* at 6.) On January 5, 2026, Defendants filed the present motion to transfer this case to the United States District Court for the Northern District of West Virginia, Clarksburg Division. (ECF No. 9.) Plaintiff filed a response, (ECF No. 11), and Defendants filed a reply, (ECF No. 12). As such the motion is fully briefed and ripe for adjudication.

## II.    *LEGAL STANDARD*

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Such a transfer, however, is dependent upon the "weighing . . . [of] a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The Fourth Circuit has established four factors that a district court should consider in deciding motions to transfer under § 1404(a): "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015).

"It is well settled that the decision whether to transfer a matter to another district is committed to the sound discretion of the district court." *AFA Enters., Inc. v*, 842 F. Supp. 902, 908 (S.D. W. Va. 1994) (citations omitted). "The party seeking transfer carries the burden of showing that the current venue is inconvenient." *See Leonard v. Mylan, Inc.*, 718 F. Supp. 2d 741, 745 (S.D. W. Va. 2010) (citing *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 113–14 (2d Cir. 2010)).

### III.    DISCUSSION

As a preliminary matter, although the Parties do not dispute it, the Court notes that this action could have been brought in the Northern District of West Virginia.   Under 28 U.S.C. § 1391(b)(2), a civil action may be brought in a judicial district where "a substantial part of the events or omissions giving rise to the claim occurred."   Here, Plaintiff alleges that she "worked primarily at Defendants' Clarksburg location" and her claims relate to her employment at this location.   (ECF No. 1-1 at 3, ¶ 9; *see also generally* ECF No. 1-1.)   Clarksburg is located within Harrison County, West Virginia, which is within the Northern District of West Virginia.   28 U.S.C. § 129(a).   Thus, venue is proper in the proposed transferee district.   28 U.S.C. § 1404(a) ("a district court may transfer any civil action to any other district or division where it might have been brought").

Defendants bring their present motion to transfer venue under 28 U.S.C. § 1404(a), arguing that the four factors from the Fourth Circuit weigh in favor of this Court transferring venue to the Northern District of West Virginia, Clarksburg Division.   As discussed below, the Court agrees.

### A.  Plaintiff's Choice of Venue

Ordinarily, great weight is given to a plaintiff's choice of forum, and "the plaintiff's choice of forum should rarely be disturbed."   *Collins v. Straight, Inc.*, 748 F.2d 916, 921 (4th Cir. 1984) (quoting *Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1946)).

Here, however, as far as the Court can tell, the only alleged connection to this district is that two of the Defendants have service of process addresses within this district.   (ECF No. 1-1 at 4, ¶¶ 2–3); *also contrast Rich v. FCA US LLC*, No. 2:18-cv-01541, 2019 WL 609646, at *2 (S.D. W. Va. Feb. 12, 2019) (Goodwin, J.) ("the only connection to the Southern District of West

3

Virginia is that Defendant FCA has listed Charleston, West Virginia, as its address for service of process") *with Justice Coal of Ala., LLC, v. Ramaco Res., LLC*, No. 5:24-cv-00658, 2025 WL 1297676, at *2 (S.D. W. Va. May 5, 2025) (Volk, C.J.) (noting that this factor weighs heavily in favor of transfer when Plaintiff resides in the chosen forum).   Indeed, neither Plaintiff nor Defendants reside or have their principal place of business in the present venue.   *See Heuvel v. Navy Fed. Credit Union*, 2016 WL 7155769, at *2 (S.D. W. Va. Dec. 7, 2016); (*see also* ECF No. 1-1 at 4, ¶¶ 1–4.)   Therefore, the Court applies this presumption in favor of Plaintiff's forum choice with less force.   *See Klay v. AXA Equitable Life Ins. Co.*, No. 5:08cv118, 2009 WL 36759, at *3 (N.D. W. Va. Jan. 6, 2009) ("'[W]here the plaintiff's choice of forum is a place where neither the plaintiff nor the defendant resides and where few or none of the events giving rise to the cause of action accrued,' that choice weighs less in the Court's consideration." (quoting *Ion Bean Applications S.A. v. Titan Corp.*, 156 F. Supp. 2d 552, 563 (E.D. Va. 2000))).

### B. Witness Convenience and Access

Second, as to the convenience of witnesses, it is also undisputed that Plaintiff worked primarily at Defendants' Clarksburg location and that the events underlying her claims arose from her employment at the Clarksburg location.   (*See* ECF No. 1-1 at ¶¶ 9-19.)   Consequently, although neither Defendants nor Plaintiff identify the names and addresses of specific witnesses that would be called to testify in this action, the employees involved in the action are likely to be in or near Clarksburg.   (ECF No. 10 at 4).   Despite Plaintiff's contentions otherwise, this remains true even though the Clarksburg office has now closed.   (ECF No. 11 at 3.)

Plaintiff argues—without any support—that "the fact that Defendants have closed the Clarksburg location where Plaintiff was employed terminates all of their connections specific to

[the] Northern District that are in any way relevant to Defendants' Motion." (*Id.*) Not so. Just because the office closed does not mean that all relevant employee-witnesses uprooted their homes and families and moved away from Clarksburg. In fact, it is much more likely they found other employment in the Clarksburg area. These witnesses would experience a burden if forced to travel outside of the Clarksburg area to the present venue for court appearances.[1] *Cf. Dingess v. Sygmas Network, Inc.*, 2:22-cv-00275, 2023 WL 6053847, at *5 (S.D. W. Va. Sept. 15, 2023) (Johnston, C.J.) (finding it "inconvenient to expect most witnesses in the case" to travel to another district). Also, Plaintiff has not identified any witnesses currently residing in this district. Thus, this factor also weighs in favor of transfer.

### C. Convenience of the Parties

Third, as to the convenience of witnesses and the parties, it is uncontested that Plaintiff resides in Fairmont, Marion County, West Virginia. (*See* ECF No. 1-1 at ¶ 1.) This, perhaps, is one of the most telling facts that weigh in favor of transfer. Marion County, like Harrison County, is in the Northern District of West Virginia—meaning Plaintiff is obviously closer to the Northern District of West Virginia than this district. *See* 28 U.S.C. § 129(a); (*see also* ECF No. 11 at 5 ("Fairmont is approximately 39 miles from Clarksburg and 149 miles from Charleston").[2] Accordingly, this factor further weighs in favor of transfer. *See Kovach v. LHC Group, Inc.*, 3:23-

---

[1] Notably, Defendant also attempted to argue that some of these potential witnesses are outside of this Court's subpoena power because they are not within 100 miles of this Courthouse. (ECF No. 10 at 6–7 (citing Fed. R. Civ. P. 45(c)). This half-truth overlooks the full text of the Rule. Indeed, Rule 45 gives the Court authority to subpoena a witness "within 100 miles of where the person resides . . . or . . . *within the state* where the person resides." Fed. R. Civ. P. 45(c) (emphasis added). Accordingly, Defendants' argument has no bearing on this Court's analysis of the second factor and Defendants are reminded to read the full text of a Federal Rule before relying on it to make an unsupportable argument.

[2] Defendants' residences, however, have a neutral impact on this factor. Because Defendants collectively reside in Delaware, Illinois, and Massachusetts, they would have to travel a great distance regardless of the venue chosen. (ECF No. 1 at 5, ¶ 18.)

0051, 2023 WL 5002457, at *2 (S.D. W. Va. Aug. 4, 2023) (Chambers, J.) (This case . . . is a situation in which Plaintiffs are seeking to litigate in a forum that holds virtually no evidence, if any, related to their . . . claims and where Plaintiffs do not even live.")

### D.  Interest of Justice

Lastly, this factor is broad and "encompasses public interest factors aimed at systemic integrity and fairness." *Heuvel*, 2016 WL 7155769, at *4 (quoting *Lycos, Inc. v. TiVo, Inc.*, 499 F. Supp. 2d 685, 695 (E.D. Va. 2007)).  "Fairness is assessed by considering docket congestion, interest in having local controversies decided at home, knowledge of applicable law, unfairness in burdening forum citizens with jury duty, and interest in avoiding unnecessary conflicts of law." *Id.* (quoting *Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006)).

Here, the interest of justice weighs in favor of transfer because no dispositive motions have been filed, and Plaintiff's alleged harm took place in the proposed transfer district.  At present, the only pending motion is the Defendants' motion to transfer; no other motions have been filed. (*See* ECF No. 9.)  So, the parties would not be hindered by the transfer because it would not cause any unnecessary delay in adjudication. *Cf. Johnson v. West Virginia Univ. Bd. of Governors*, No. 2:21-cv-00380, 2022 WL 19039524, at *8 (S.D. W. Va. Feb. 22, 2022) (Tinsley, Mag.) (finding the interest of justice weighed against transfer because it would "result in further delay in adjudication" on pending dispositive motions).  Also, there is an interest in transferring the case to the Clarksburg division, because that is where Plaintiff's alleged harm took place.  (*See generally* ECF No. 1-1, at ¶ 9 (alleging that Plaintiff worked at the Clarksburg location); *see also Rich*, 2019 WL 609646, at *1 ("Because all of the alleged transactions and events took place in

6

[another district], there is a greater interest in having the citizens of that district and division deciding a local controversy.")   Accordingly, this factor also weighs in favor of transfer.

Based on the balancing of these factors the Court finds that Defendants have met their burden to demonstrate that transfer of this litigation is necessary "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 615 (1964).   Accordingly, the Court **GRANTS** Defendants' motion.

## IV.    CONCLUSION

For the reasons discussed herein, The Court **GRANTS** Defendants' Motion to Transfer. (ECF No. 9.)    The Court further **DIRECTS** the Clerk of this Court to transfer this action to the Clarksburg Division of the Northern District of West Virginia.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        March 24, 2026

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE